Matter of Walters (2025 NY Slip Op 01320)

Matter of Walters

2025 NY Slip Op 01320

Decided on March 11, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern Justice Presiding
Lizbeth González Martin Shulman John R. Higgitt LlinÉt M. Rosado
Justices.

Motion No. 2025-00235|Case No. 2023-06243|

[*1]In the Matter of Robert A. Walters an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert A. Walters (OCA Atty Reg. 2145126), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Robert A. Walters, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 6, 1987.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Robert A. Walters, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 6, 1987.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-00235 — February 10, 2025
In the Matter of Robert A. Walters, an attorney
Per Curiam
 Respondent Robert A. Walters was admitted to the practice of law in the State of New York by the First Judicial Department on July 6, 1987, under the name Robert Anthony Walters. At all times relevant herein, respondent maintained a registered address in the First Judicial Department.
On October 17, 2019, respondent was convicted for criminal contempt, stemming from his willful violation of protective orders issued by the court, for which he was sentenced to 30 days' incarceration. The protective order applied to police reports in a criminal matter in which respondent represented the defendant. The orders directed that the police reports were to be maintained in respondent's exclusive possession, not to be copied or presented to any other person (except that respondent was permitted to show the reports to his client), and to be used for the exclusive purpose of preparing his client's defense. However, respondent's incarcerated client was found in possession of the police reports, which were allegedly used in an attempt to tamper with a witness.
By April 5, 2024 unpublished order, this Court deemed respondent's conviction for criminal contempt a "serious crime" as defined by Judiciary Law § 90(4)(d). Pursuant to Judiciary Law § 90(4)(g) and the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.12(c)(2), this Court appointed a referee to conduct a hearing and issue a report as to the sanction.
The Referee convened a sanction hearing on September 26, 2024, where respondent testified that the protected documents found in his client's possession during a search of his cell were due to his admitted negligence. Additionally, respondent testified that the documents covered by the protective orders were of no consequence because he and his client were aware of those named therein. Respondent also testified that he served his full 30-day prison sentence, during which he was placed in general population and experienced cardiac issues; cited his 35-years' experience as a dedicated criminal practitioner; and noted that on an unspecified date he suffered a traumatic brain injury in an automobile accident for which he was hospitalized for two months.
The Attorney Grievance Committee (AGC) did not call any witnesses but introduced documentary evidence. The AGC's case referenced respondent's prior extensive disciplinary history, which included a 2004 six-month suspension for failing to return an unearned retainer, failing [*2]to cooperate with the AGC's investigation in the matter, and misrepresenting to a judge the amount of legal fees he had received in a criminal matter. Additionally, respondent has been issued four letters of admonition, twice in 2004, again in 2019 [FN1] and in 2023. The 2023 admonition was based upon respondent's failure to file a CPL 440.10 motion in a criminal matter for which he was paid $12,000. Respondent was directed to either complete the matter at issue or refund the client's fee, but he did neither. In a post-hearing memorandum, the AGC requested that respondent be suspended from the practice of law for one year.
The Referee issued a report dated December 6, 2024, recommending that respondent be suspended for one year. The Referee found respondent to be a "recidivist," noting respondent's prior criminal conviction and four Letters of Admonition which apparently "did not deter him from violating a sensitive and significant judicial order." The Referee remarked that "[t]he seriousness of his conduct in violating the protective order cannot be overstated. It resulted in protected witnesses being approached and placed in fear. The only consolation is the outcome could have been a lot worse. Respondent expressed no remorse for his conduct."
The AGC now moves pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(1) for an order confirming the Referee's sanction recommendation and suspending respondent from the practice of law for one year. The AGC maintains that a one-year suspension is warranted in this case based on aggravation, namely, respondent's disciplinary history (a prior six-month suspension and four Admonitions); dishonest or selfish motive in not refunding $12,000 in unearned legal fees as directed in the AGC's 2023 Admonition; a pattern of misconduct evidenced by respondent's current misconduct and prior discipline; the vulnerability of the victims, who were of limited financial means; and respondent's refusal to acknowledge his misconduct during his hearing testimony. Respondent has not submitted a response to this motion.
A one-year suspension is appropriate given respondent's prior and continuous misconduct, for which he has not expressed any remorse (see e.g. Matter of Dorfman, 81 AD3d 59[1st Dept 2011]; Matter of Leeds, 87 AD2d 96 [2d Dept 1982]). Respondent's actions evince a disregard for his ethical obligations as an officer of the court and prior disciplinary admonitions have not deterred him from continuing his misconduct.
Accordingly, the AGC's motion should be granted, the Referee's sanction recommendation confirmed, and respondent is suspended from the practice of law in the State of New York for one year, effective April 10, 2025, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department, pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(1), is granted, the Referee's sanction recommendation confirmed, and respondent, [*3]Robert A. Walters, is suspended from the practice of law in the State of New York for one year, effective April 10, 2025, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Robert A. Walters, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Robert A. Walters, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Robert A. Walters, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 11, 2025

Footnotes

Footnote 1: In 2004, respondent was admonished for failing to refund an unearned retainer and for a matter involving a dispute he had regarding a subleased condominium and delinquent payments. In 2019, respondent was admonished for failing to maintain a signed copy of a retainer agreement.